UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHAWNTE M. SPEED,

    Plaintiff,

v.                                                                                  Case No. 5:24-cv-00088

RENT RECOVERY SOLUTIONS, LLC,
and VENTRON MANAGEMENT, LLC,
d/b/a BROOKS CROSSING,

    Defendants.

_____/

## COMPLAINT

**NOW COMES** SHAWNTE M. SPEED ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of RENT RECOVERY SOLUTIONS, LLC ("RRS"), and VENTRON MANAGEMENT, LLC, doing business as Brooks Crossing ("Ventron") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for RRS's violations of the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692 *et seq.*, and Defendants' violations of the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Fla. Stat. § 559.55 *et seq.*

1

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, the FDCPA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in the Middle District of Florida and a substantial portion of events or omissions giving rise to Plaintiff's claims occurred in this Middle District of Florida.

5. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

6. Plaintiff is a consumer and a natural person over 18-years-of-age who, at all-times relevant, resided in Ocala, Florida.

7. RRS is a third-party debt collector that specializes in the collection of past due apartment related debt, and in connection with such business, uses the mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on nationwide basis, including consumers in the state of Illinois. RRS is a limited liability company organized under the laws of the state of Georgia with its principal place of business located at 1945 The Exchange SE, Suite 120, Atlanta, Georgia.

8. Ventron is a property management company that operate various multifamily housing complexes, including Brooks Crossing Apartments, throughout the state of Georgia. Ventron is a limited liability company that maintains its principal place of business at 2500 N. Military Trail, Suite 285, Boca Raton, Florida, 33431.

9. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

10. This claim arises from an alleged debt of $603.00, RRS account number 73559, for various apartment fees purportedly owed by Plaintiff ("subject debt"). Upon information and belief, RRC acquired the subject debt from Ventron at some time prior to the events giving rise to this action.

11. On or around December 24, 2023, Plaintiff discovered the subject debt negatively reflecting on her credit reports.

12. At that time, Plaintiff was confused as to what the nature of the subject debt was and how it could have appeared on her credit reports.

13. Shortly thereafter, Plaintiff contacted Brooks Crossing Apartments, an agent of Ventron, inquiring about the subject debt.

14. During that call, a representative informed Plaintiff that Brook Crossing was an apartment management company located in Riverdale, Georgia. The representative further explained that it had no record of Plaintiff living at Brooks Crossing nor any knowledge of the subject debt.

15. Plaintiff grew more confused, as she had never resided in the state of Georgia, nor had she conducted business with Ventron or its affiliates.

16. On December 26, 2024, an RRC representative returned Plaintiff's phone call and explained the nature of the subject debt.

17. Specifically, the RRC representative stated the subject debt was for various Brooks Crossing apartment fees, owed by Plaintiff and two other individuals.

18. Plaintiff is acquainted with the two named individuals and subsequently contacted them to inquire whether they were aware of the subject debt, however, Plaintiff's acquaintances had no knowledge of the subject debt.

19. Immediately thereafter, Plaintiff filed a report of fraudulent activity on her credit reports to the Federal Trade Commission ("FTC").[1]

20. On January 2, 2024, Plaintiff sent credit disputes regarding the subject debt to each of the credit reporting agencies.

21. On January 16, 2024, Plaintiff viewed her credit reports and confirmed Transunion, Equifax, and Experian removed the subject debt from her account.[2]

22. On or around February 7, Plaintiff received a letter from RRC in response to her FTC identity theft dispute, requesting additional information so it may conduct an investigation regarding the subject debt ("RRC's Letter").

---

[1] FTC Report 167675369.
[2] Transunion, Equifax, and Experian are the three nationwide consumer credit reporting bureaus, which compile and sell consumer credit reports.

23. Despite Plaintiff never residing at any of Ventron or its affiliates' apartment complexes in the state of Georgia, Ventron transferred the subject debt to RRS before making any reasonable attempt to contact Plaintiff or make her aware of the subject debt's existence.

24. Moreover, RRS reported the subject debt to the credit reporting agencies before notifying Plaintiff or taking any reasonable steps to confirm whether she owed the subject debt.

25. Furthermore, RRS took no reasonable action to notify Plaintiff or investigate the subject debt until Plaintiff discovered the subject debt on her credit reports and filed a fraud report with the FTC.

26. Frustrated over Defendants' conduct, Plaintiff spoke with attorneys regarding the unfair practices by Defendants and her rights to be protected from the same.

## DAMAGES

27. Defendants' unfair conduct have severely disrupted Plaintiff's daily life and general well-being.

28. Defendants' illegal collection activities have caused Plaintiff actual harm, including but not limited to, out of pocket expenses, emotional distress, mental anguish, and anxiety as Plaintiff is losing a significant amount of her wages.

29. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendants to cease its unlawful conduct.

## COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST RRS)

30. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

31. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. RRS is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

33. Moreover, RRS is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

34. RRS used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

35. RRS's communications to Plaintiff were made in connection with the collection of the subject debt.

   a. **Violations of FDCPA § 1692e**

36. RRS violated 15 U.S.C. § 1692e, by using false, deceptive, and misleading representations in connection to collection of the subject debt. RRS deceptively reported the subject debt to the credit reporting agencies without conducting any reasonable investigation to confirm Plaintiff owed the subject debt.

Further, RRS deceptively reported the subject debt without taking any reasonable steps to make Plaintiff aware that she owed the debt in the first place.

37.     RRS violated 15 U.S.C. § 1692(e)(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. RRS attempted to collect the subject debt from Plaintiff personally despite Plaintiff not owing the subject debt, which was a result of identity theft. RRS should have known Plaintiff did not have any legal obligation to pay the subject debt, but despite having actual knowledge, RRS began reporting the subject debt as unpaid.

38.     RRS violated 15 U.S.C. § 1692e(8) by communicating false and inaccurate credit reporting information regarding the alleged debt to Plaintiff after it knew or should have known the subject debt was the result of identity theft.

39.     Moreover, RRS violated 15 U.S.C. § 1692e(8) by failing to notate to the credit reporting agency, that the alleged debt was being disputed Plaintiff communicated to RRS that she does not owe the alleged debt, yet RRS failed to notate the subject debt as disputed to one or more credit reporting agencies.

40.     RRS violated 15 U.S.C. § 1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, RRS led Plaintiff to believe she owed a debt that she did not truly owe, thus hoping to drive Plaintiff to make a payment.

      b. **Violations of FDCPA § 1692f**

41.     RRS violated § 1692f when it used unfair and unconscionable means to collect the subject debt by reporting the subject debt to the credit reporting agencies

without contacting Plaintiff in an attempt to pressure her into paying the subject debt so she may remove it from her credit reports.

42. As an experienced debt collector, RRS should be aware of the ramifications for collection on a debt it knows, or should know, is not truly owed.

43. Upon information and belief, RRS systemically attempts to collect debts through unreasonable conduct and has no procedures in place to assure compliance with the FDCPA.

    c. **Violations of FDCPA § 1692g**

44. RRS violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, RRS reported on Plaintiff's credit as its initial communication and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of an initial communication.

45. As an experienced debt collector, RRS knew or should have known the ramifications of not sending a validation notice within 5 days of an initial communication, which RRS additionally failed to perform, pursuant to §1692g.

**WHEREFORE**, Plaintiff SHAWNTE M. SPEED, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the FDCPA;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
(AGAINST RRS)

46. Plaintiff is a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

47. RRS is a "debt collector" as defined by Fla. Stat. § 559.55(7).

48. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

**a.  Violations of FCCPA § 559.72(9)**

49. A debt collector violates § 559.72(9) of the FCCPA when claiming, attempting, or threatening to enforce a debt when it knows that the debt is not

legitimate, or assert the existence of some other legal right when it knows that right does not exist.

50. RRS violated by Fla. Stat. § 559.72(9) by reporting the subject debt to the credit reporting agencies when it knows, or should know, that Plaintiff did not truly owe the subject debt.

**WHEREFORE**, Plaintiff, SHAWNTE M. SPEED, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. A judgment in Plaintiff's favor for RRS's violations of the FCCPA;

b. Award Plaintiff actual damages in the amount to be determined at trial;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to FCCPA;

d. An award of reasonable attorney's fees and costs pursuant to FCCPA;

e. Any further relief this Honorable Court deems just and proper.

### COUNT III - VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
(AGAINST VENTRON)

51. Plaintiff is a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

52. Ventron is a "creditor" as defined by Fla. Stat. § 559.55(5).

53. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

**a. Violations of FCCPA § 559.72(9)**

54. A creditor violates § 559.72(9) of the FCCPA when claiming, attempting, or threatening to enforce a debt when it knows that the debt is not legitimate, or assert the existence of some other legal right when it knows that right does not exist.

55. Ventron violated section § 559.72(9) of the FCCPA when it enforced the subject debt and attempted to charge Plaintiff for the subject debt she did not truly owe. Ventron's affiliate stated that it had no record of Plaintiff living at Brooks Crossing or any of Ventron's affiliate apartment complexes, yet the subject debt listed Plaintiff as owing various apartment fees she never accumulated.

56. Ventron violated section § 559.72(9) of the FCCPA when it transferred or assigned the subject debt to RRS when it knew or should have known that it was the result of identity theft and not owed by Plaintiff.

57. Ventron's actions show that it was their specific goal to collect payment from Plaintiff or a third-party debt collector, such as RRS, by charging her for the subject debt she did not owe without notifying her of its existence.

**WHEREFORE**, Plaintiff, SHAWNTE M. SPEED, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. A judgment in Plaintiff's favor for Ventron's violations of the FCCPA;

b. Award Plaintiff actual damages in the amount to be determined at trial;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to FCCPA;

d. An award of reasonable attorney's fees and costs pursuant to FCCPA;

e. Any further relief this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 23, 2024                                             Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
